Filed 1/18/22  In re D.D. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re D.D., a Person Coming Under the Juvenile Court Law. | C094351 |
| SACRAMENTO COUNTY DEPARTMENT OF CHILD, FAMILY AND ADULT SERVICES, | (Super. Ct. No. JD240498) |
| Plaintiff and Respondent, | |
| v. | |
| M.G., | |
| Defendant and Appellant. | |

M.G. (father) appeals from the juvenile court's orders terminating parental rights and ordering D.D. (the minor) be placed for adoption.  (Welf. & Inst. Code, § 366.26.)[1] Father contends the Sacramento County Department of Child, Family and Adult Services

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

(Department) and the juvenile court failed to comply with the inquiry requirements of the Indian Child Welfare Act (ICWA) (25 U.S.C. § 1901 et seq.) because the Department failed to investigate mother's filing of an ICWA-020 form stating either a parent or the child possessed an identification card indicating citizenship or membership in an Indian tribe, which conflicted with another ICWA-020 form filed on the behalf of mother the same day indicating she had no Indian heritage. Specifically, father complains the Department failed to interview mother and her extended relatives and also failed to review the identification card and contact pertinent Indian tribes.

For the reasons explained herein, we find the record does not establish the Department and juvenile court complied with their continuing duty to investigate whether the minor was an Indian child within the meaning of ICWA. Accordingly, we will conditionally reverse and issue a limited remand directing the Department and court to comply with ICWA.

## I. BACKGROUND

Because father's challenge on appeal is limited to ICWA compliance, we limit our recitation of the facts and procedural history to those necessary to determine that issue.

Following the minor's premature birth and report that he had tested positive for methamphetamine and cannabis, mother and father agreed to a protective emergency placement.[2] However, neither parent complied with their informal services plan, resulting in the filing of a dependency petition.

At an interview on December 17, 2019, both parents denied they had any Native American ancestry. The parents were then present at the 9:00 a.m. detention hearing on

---

[2] It was later reported that the minor had *not* tested positive for methamphetamine and cannabis, but the Department still worried the minor could not be safely maintained by his parents due to his fragile medical condition, mother's untreated substance abuse and mental health issues, and father's anger management issues.

March 18, 2020, wherein through their attorneys they filed ICWA-020 forms denying heritage, and the court determined the minor was not an Indian child and ICWA did not apply. The same day at 3:31 p.m., mother (acting in pro per) filed another ICWA-020 form with a box checked that indicated "Either parent or the child possesses an Indian identification card indicating membership or citizenship in an Indian tribe." However, mother failed to complete the associated portion of this form where she should have identified the name of a tribe or a membership/citizenship number.

According to the combined jurisdiction and disposition report, the next week on March 24, 2020, both mother and father were interviewed by the Department and again denied having any Native American ancestry. This report did not acknowledge mother's statement under the penalty of perjury on the second ICWA-020 form that either mother or the minor possessed an "Indian identification card indicating membership or citizenship in an Indian tribe." This report also noted that the Department had located and interviewed a paternal grandmother, T.G., and a maternal great-grandmother, T.D., but neither of them were able to provide a secure placement for the minor. The report did not indicate whether the social worker discussed Native American ancestry with either of these extended family relatives.

The Department then filed an amended dependency petition preceding the jurisdiction and disposition hearing, which attached a copy of an ICWA-010(A) form completed August 21, 2020. This form identified the parents as the individuals interviewed in order to determine there was "no reason to believe the child is or may be an Indian child." It also did not acknowledge mother's second ICWA-020 form or any efforts undertaken to resolve the issues created by it.

On September 2, 2020, the juvenile court sustained the dependency petition and ordered reunification services for the parents. Nothing in the record indicates the court engaged in a new consideration of ICWA in light of mother's filing of the second ICWA-020 form, including whether the Department's successive interview with the parents a

3

week later was sufficient further inquiry.  Following this hearing, both parents failed to consistently participate in their reunification services, ultimately resulting in the termination of those services on February 17, 2021, and the setting of the matter for termination of parental rights pursuant to section 366.26.

The Department's selection and implementation report leading up to the termination hearing reiterated the court's March 18, 2020, finding that "there is no reason to know or believe the child is an Indian child and ICWA does not apply."  Thereafter, on June 16, 2021, the juvenile court terminated mother's and father's parental rights and recommended the minor for adoption.  The court did not reiterate the previous ICWA findings, but the termination order did take judicial notice of all previous findings and orders.  Father timely appealed the termination decision.

## II.  DISCUSSION

Father argues this case must be conditionally reversed and remanded so that the Department can comply with its continuing ICWA duty to investigate whether the minor may be an Indian child.  We agree that a limited remand is required to assure Department and juvenile court compliance with their respective ICWA obligations.

### A.  *Standard of Review*

" 'The juvenile court must determine whether proper notice was given under ICWA and whether ICWA applies to the proceedings.  [Citation.]' (*In re Charlotte V.* (2016) 6 Cal.App.5th 51, 57.)  When, as is the case here, the facts are undisputed, we review independently whether the requirements of ICWA have been satisfied.  (*In re J.L.* (2017) 10 Cal.App.5th 913, 918.)  However, we review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order.  (*In re Hunter W.* (2011) 200 Cal.App.4th 1454, 1467; *In re H.B.* (2008) 161 Cal.App.4th 115, 119-120.)  We must uphold the court's orders and findings if any substantial evidence, contradicted or uncontradicted, supports them, and we resolve all conflicts in favor of affirmance.

4

(*In re Alexzander C.* (2017) 18 Cal.App.5th 438, 446.)" (*In re A.M.* (2020) 47 Cal.App.5th 303, 314.)

B.     *Applicable Law*

1.     *Indian Child*

"The juvenile court and social services agencies have an affirmative duty to inquire at the outset of the proceedings whether a child who is subject to the proceedings is, or may be, an Indian child." (*In re K.M.* (2009) 172 Cal.App.4th 115, 118-119; see § 224.2, subd. (a).) An " 'Indian child' " for purposes of the ICWA is defined in the same manner as under federal law as, "any unmarried person who is under age eighteen and is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4); § 224.1, subd. (a); *In re D.S.* (2020) 46 Cal.App.5th 1041, 1048.)

2.     *Reason to Know*

Section 224.2, subdivision (d) provides a juvenile court has reason to know a child involved in a proceeding is an Indian child under any of the following circumstances: "(1) A person having an interest in the child, including the child, an officer of the court, a tribe, an Indian organization, a public or private agency, or a member of the child's extended family informs the court that the child is an Indian child[;] [¶] (2) The residence or domicile of the child, the child's parents, or Indian custodian is on a reservation or in an Alaska Native village[;] [¶] (3) Any participant in the proceeding, officer of the court, Indian tribe, Indian organization, or agency informs the court that it has discovered information indicating that the child is an Indian child[;] [¶] (4) The child who is the subject of the proceeding gives the court reason to know that the child is an Indian child[;] [¶] (5) The court is informed that the child is or has been a ward of a tribal court[;] [¶] (6) The court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian tribe." (§ 224.2, subd. (d)(1)-(6).)

When the juvenile court knows or has reason to know a child involved in a dependency proceeding is an Indian child, the ICWA requires notice of the proceedings be given to any federally recognized Indian tribe of which the child might be a member or eligible for membership. (25 U.S.C. §§ 1903(8), 1912(a); *In re Robert A.* (2007) 147 Cal.App.4th 982, 989.) "At that point, the social worker is required, as soon as practicable, to interview the child's parents, extended family members, the Indian custodian, if any, and any other person who can reasonably be expected to have information concerning the child's membership status or eligibility." (*In re Michael V.* (2016) 3 Cal.App.5th 225, 233; see Cal. Rules of Court, rule 5.481(a)(4)(A).)

"If there is *reason to know* the child is an Indian child, but the court does not have sufficient evidence to determine that the child is or is not an Indian child, the court shall confirm, by way of a report, declaration, or testimony included in the record that the agency or other party used due diligence to identify and work with all of the tribes of which there is reason to know the child may be a member, or eligible for membership, to verify whether the child is in fact a member or whether a biological parent is a member and the child is eligible for membership." (§ 224.2, subd. (g), italics added.)

*3.      Reason to Believe*

If the "court, social worker, or probation officer has *reason to believe* that an Indian child is involved in a proceeding, but does not have sufficient information to determine that there is *reason to know* that the child is an Indian child, the court, social worker, or probation officer shall make further inquiry regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable." (§ 224.2, subd. (e), italics added.) "There is *reason to believe* a child involved in a proceeding is an Indian child whenever the court, social worker, or probation officer has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe. Information suggesting membership or eligibility for membership includes, but is not limited to, information that indicates, but does not

6

establish, the existence of one or more of the grounds for *reason to know*" as set forth in section 224.2, subdivision (d). (§ 224.2, subd. (e)(1), italics added.)

When there is "reason to believe" the child is an Indian child, further inquiry is necessary to help determine whether there is "reason to know" the child is an Indian child, including: "(A) Interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3[;] [¶] (B) Contacting the Bureau of Indian Affairs and the Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in, and contacting the tribes and any other person that may reasonably be expected to have information regarding the child's membership status or eligibility[;] [¶] (C) Contacting the tribe or tribes and any other person that may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility. Contact with a tribe shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the [ICWA] [citation]. Contact with a tribe shall include sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case." (§ 224.2, subd. (e)(2).) Logistically, as written, these steps must be considered in order. If no tribe is uncovered during the interview of relatives and contact with the Bureau of Indian Affairs (BIA) or Department of Social Services (DSS), then obviously no tribe can be noticed. Similarly, if not enough information is obtained from the relatives to require the Department to seek additional information from the BIA or DSS, then no inquiry need be made to those agencies.

The juvenile court may find that the ICWA does not apply when it finds "the Agency's further inquiry and due diligence was 'proper and adequate' but no 'reason to know' whether the child is an Indian child was discovered. (§ 224.2, subds. (i)(2), (g).) Even if the court makes this finding, the Agency and the court have a continuing duty

7

under ICWA, and the court 'shall reverse its determination if it subsequently receives information providing reason to believe that the child is an Indian child and order the social worker or probation officer to conduct further inquiry.' (§ 224.2, subd. (i)(2).)" (*In re D.S., supra*, 46 Cal.App.5th at p. 1050.)

C.      *Analysis*

Father argues substantial evidence does not support the juvenile court's ICWA finding on March 18, 2020. On this point, we disagree.

At the time the juvenile court made that determination, all the information in the record supported that the minor was not an Indian child. Mother and father had denied any Native American ancestry in an interview with the Department and filed form ICWA-020's to that effect at the detention hearing at which they were present. Nonetheless, this does not end the inquiry. In fact, it is the propriety of the juvenile court's implied determination that ICWA did not apply at the termination of parental rights hearing (not its earlier determination) that is properly before this court. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 6, 9, 14-15; *In re S.R.* (2021) 64 Cal.App.5th 303, 312 [reviewing court's adoption at termination of earlier ICWA finding in light of successive ICWA-020 form filings].)

Here, later the same day of the court's ICWA determination, at 3:31 p.m., mother (acting in pro per) filed another ICWA-020 form under the penalty of perjury with a box checked that indicated "Either parent or the child possesses an Indian identification card indicating membership or citizenship in an Indian tribe." Father argues this triggered the Department's duty to interview mother and her extended family, to review the identification card, and to contact any relevant tribes. We concur that the record does not answer whether the Department or the juvenile court complied with their continuing duty to investigate whether the minor may be an Indian child in light of mother's filing of the second ICWA-020 form.

8

As recognized in *In re Isaiah W., supra*, 1 Cal.5th at page 10, "the juvenile court had a *continuing* duty to inquire whether [the minor] was an Indian child in all dependency proceedings, including a proceeding to terminate parental rights." (See also § 224.2, subd. (a) ["The court, county welfare department, and the probation department have an affirmative and continuing duty to inquire whether a child for whom a petition under Section 300, 601, or 602 may be or has been filed, is or may be an Indian child"]; see also *In re S.R., supra*, 64 Cal.App.5th at p. 313.) Thus, the court's March 18, 2020, determination under section 224.2 did not extinguish the duty to inquire once mother filed the second ICWA-020 form. (See *In re Isaiah W., supra*, at p. 12; § 224.2, subd. (a).)

The Department asserts that mother's filing of this form coupled with her statement from the later jurisdiction/disposition report establishes there was no reason to believe that the minor was an Indian child. We disagree.

If properly completed, mother's second ICWA-020 form may very well have constituted a *reason to know* the minor was an Indian child. (§ 224.2, subd. (d)(6).) It was not. Nonetheless, the form clearly meets the threshold establishing a reason to believe the minor may have been an Indian child.

As previously explained, "There is *reason to believe* a child involved in a proceeding is an Indian child whenever the court [or] social worker . . . has information suggesting that either the parent of the child or the child is a member or may be eligible for membership in an Indian tribe," which expressly includes " information that indicates, but does not establish, the existence of one or more of the grounds for *reason to know*" as set forth in section 224.2, subdivision (d). (§ 224.2, subd. (e)(1), italics added.) Under section 224.2, subdivision (d)(6), there is reason to know a child is an Indian child if "[t]he court is informed that either parent or the child possess an identification card indicating membership or citizenship in an Indian tribe." Thus, mother's statement under the penalty of perjury that "Either parent or the child possesses an Indian identification

card indicating membership or citizenship in an Indian tribe," but which failed to identify the tribe or citizenship number, clearly constituted a *reason to believe* that the minor may have Native American ancestry. (§ 224.2, subds. (d)(6), (e)(1).)

Once it was established that there was a reason to believe the minor may be an Indian child, further inquiry was necessary to help determine whether there was "reason to know" the minor was an Indian child, including: "Interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of Section 224.3." (§ 224.2, subd. (e)(2).)

However, as we have recounted above, nothing in the record indicates either the Department or the court acknowledged there was a reason to believe that the minor may have been an Indian child, or that the Department undertook an investigation to determine whether that was true. We are not persuaded that the Department's short statement in the jurisdiction/disposition report that mother was interviewed on March 24, 2020, and "denied she has Native American ancestry," suffices to comply with the Department's duty to investigate. (§ 224.2, subd. (e)(2).) This statement does not acknowledge or explain mother's profession under oath that either a parent or the minor was a card carrying member or citizen of an Indian tribe. Further, the record does not contain any finding by the juvenile court that the Department's follow-up investigation was adequate but yielded no reason to know that the minor was an Indian child. (See § 224.2, subds. (i)(2), (g).)

Under these circumstances, we cannot say that either the Department or the juvenile court complied with the duty of inquiry that was triggered by the filing of the second ICWA form. (See *In re S.R., supra*, 64 Cal.App.5th at pp. 308, 310 [failure to conduct § 224.2, subd. (e) investigation following filing of ICWA-020 forms by the maternal grandparents indicating Indian heritage, including that the great-grandparent was a member of Yaqui tribe]; *In re T.G.* (2020) 58 Cal.App.5th 275, 292-293, 297 [agency failed to conduct § 224.2, subd. (e) investigation and the court failed to ensure

10

agency compliance]; see also, *In re A.M., supra*, 47 Cal.App.5th at pp. 322-323 [the mother's statement she may have Cherokee or Blackfoot ancestry insufficient to require notice, but sufficient to require further inquiry, including contacting extended relatives]; *In re K.R.* (2018) 20 Cal.App.5th 701, 707-709 [failure to document any investigation of extended family relatives in reason to know context].)

We must conditionally reverse and remand for further proceedings. In so finding, we reject the Department's argument that father's appeal should fail for want of a demonstration of prejudice. Without deciding whether this rule should apply to ICWA procedural challenges, unlike the father in *In re A.C.* (2021) 65 Cal.App.5th 1060, 1070-1073 who challenged ICWA compliance without any information in the record or an offer of proof on appeal supporting that the minor could have been an Indian child vis a vis father's heritage, here, mother filed an ICWA-020 form under the penalty of perjury indicating "Either parent or the child possesses an Indian identification card indicating membership or citizenship in an Indian tribe." Thus, the record is not devoid of *any* information from which we could say that the result may have been different if there had been ICWA compliance.

### III.  DISPOSITION

The judgment is conditionally reversed and remanded with directions for the Department and juvenile court to demonstrate compliance with the inquiry provisions of ICWA and related California law and for further proceedings not inconsistent with this opinion.  If following those proceedings, the minor is again determined not to be an Indian child, this judgment shall be reinstated.  If the minor is found to be an Indian child, the court shall proceed in compliance with ICWA.  The judgment is in all other respects affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

MAURO, Acting P. J.

/S/

_____

DUARTE, J.